**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



MEMORANDUM ORDER

Appellate case name:          Frederick Louis  Pugh v. Barbara Winfield-Pugh

Appellate case number:     01-22-00007-CV

Trial court case number:    21-FD-2012

Trial court:                          County Court at Law No. 1 of Galveston County

On January 10, 2022, Frederick Louis Pugh (Frederick) filed a notice of appeal from the final decree of divorce entered by the trial court on December 20, 2021. But the trial court set aside the divorce decree on January 10, 2022, when it issued an order rescinding the divorce decree.[1] Consequently, it appears:

1. the divorce decree is not effective,

2. there is not a final divorce decree in this case, and

3. the original petition for divorce filed by Barbara Winfield-Pugh (Barbara) is still unresolved and needs a decision in the trial court.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See Industrial Specialists, LLC v. Blanchard Refining Co.*, No. 20-0174, 2022 WL 2082236, at *2 (Tex. June 10, 2022); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* TEX. CIV. PRAC. & REM. CODE §§ 51.012, 51.014. Because it appears that the divorce decree was set aside and therefore there is not a final judgment, the Court may dismiss this appeal for lack of jurisdiction.[2] *See* TEX. R. APP. P. 42.3(a).

---

[1]     Typically, for 30 days after it signs a judgment, the trial court has authority to set aside the judgment, even if an appeal has been filed. *See* TEX. R. CIV. P. 329b(d).

[2]     A dismissal for lack of jurisdiction will not prevent Barbara or Frederick from getting a final divorce decree in the trial court or later filing a timely appeal of a final divorce decree.

Unless Frederick files a response demonstrating, by citation to the law, that this Court has jurisdiction over the appeal, this appeal will be dismissed for lack of jurisdiction. TEX. R. APP. P. 42.3(a), 43.2(f). A failure to respond will also result in dismissal. TEX. R. APP. P. 42.3(c). Frederick's response, if any, is **due in this Court on or before September 30, 2022.**

It is so ORDERED.

Judge's signature:   /s Sarah Beth Landau
                         ☒  Acting individually     ☐  Acting for the Court

Date:  September 20, 2022